OPINION OF THE COURT — by the
Hon. Chief Justice TURNER
William Balfour brought this suit as the administrator of James Mathie deceeased, on a prommissory note made by Parker Carradine, payable to said Mathie. The defendant, Carradine, craved oyer of the letters of administration, of which' profert was made by the plaintiff in his declaration, and the plaintiff read to him an order of the orphans’ court of Madison county, in the following words, to wit: “ordered by the court that William Balfour have letters of administration on the estate of James Ma,- *535 thie, deceased; William Gartley and William L. Balfour be approved of as securities.”
Whereupon the defendant below demurred, and assigned special causes of demurrer; the first of which being in substance that the order of the orphans’ court aforesaid was not “letters of administration,” and the plain-tiffjoined in demurrer. The court overruled the demurrer, and the defendant had leave, on cause shown, to plead to the merits, which he did, and there was verdict and judgment for the plaintiff below.
It is very clear, to my mind, that the order appointing an administrator, is a very different thing from “the letters of administration.” It is equally clear that defendant had a right to the oyer ofthe letters, and not being given, the plaintiff could not legally proceed with his cause. The demurrer, for this reason, should have been sustained.
It is unnecssary to notice the other errors assigned.
The judgment of the court below must be reversed; and this court, proceeding to give such judgment as the court below should have rendered, it is considered that the demurrer to the plaintiff’s declaration and oyer he sustained, with leave to the plaintiff below to amend, and cause remanded for further proceedings. It is further ordered that defendant in error pay the costs of this suit, and all the costs in the court below which accrued subsequent to the filing of the declaration.